UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| PAUL W. PERRY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:10-CV-51 |
| v. | ) | *Mattice / Lee* |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 24].[1] Plaintiff has submitted an itemized record of the time spent by his counsel and paralegal on this case [Doc. 25-1]. Defendant has filed a response stating he has no objection to Plaintiff's motion [Doc. 28].

**I.     ENTITLEMENT TO FEES**

In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. §2412(d). *See also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). Here, Defendant does not dispute Plaintiff is a

---

[1] This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

prevailing party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff's motion is timely. *See* Fed. R. App. P. 4(a)(1)(B), (a)(7); *Schaefer*, 509 U.S. at 298 (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. And fourth, in the absence of any opposition from Defendant, the Court finds no special circumstances warranting denial of fees. I therefore **CONCLUDE** Plaintiff is entitled to an award of reasonable attorney's fee. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").

## II. AMOUNT OF FEES

An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks fees at an hourly rate of $159.00 for attorney's time and $46.00 for paralegal time, a request he avers is proper under the cost-of-living formula approved in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003). Based on the *Cook* formula, I **RECOMMEND** Plaintiff be awarded attorney's fees in the amount of $159.00 per hour for 14.3 hours of attorney time (which equals $2,273.70) and $46.00 per hour for 5.8 hours of paralegal time (which equals $266.80), for a total of **$2,540.50**.[2]

---

[2] In this district, cost of living adjustments are computed by the formula established in *Cook*. In 2008, the proper rate for attorney compensation under the EAJA was determined to be $159 per hour and the rate of compensation for paralegal services was determined to be $50 per hour. *Branson v. Astrue*, 2008 WL 2498111, at *2 (E.D. Tenn. 2008). Plaintiff has sought no greater fee per hour and Defendant has sought no lower fee per hour.

2

### III. CONCLUSION

Accordingly, I **RECOMMEND**[3] Plaintiff's motion for attorney's fees and costs under the EAJA [Doc. 24] be **GRANTED** and that Plaintiff be awarded fees in the amount of **$2,540.50**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3

Case 4:10-cv-00051-HSM-SKL   Document 29   Filed 10/18/11   Page 3 of 3   PageID #: 116